IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia N. Ibeabuchi, | No. 08-2270-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona State University; Michael Crow; Dr. Nicholas Alozie, | |
| Defendants. | |

Pending before the court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #5.) The Court has considered Defendants' Motion (Doc. #5), Plaintiff's Response (Doc. #6), Defendants' Reply (Doc. #7), as well as Plaintiff's Motion to Expedite this Case Hearing (Doc. #8), Defendants' Response (Doc. #9), and Plaintiff's reply (Doc. #10). For the following reasons, the Court grants Defendants' Motion to Dismiss.

**I. BACKGROUND**

Plaintiff Patricia Ibeabuchi is the mother of Sunday Ibeabuchi ("Sunday"), recently deceased (Doc. #10 at 6), and Ikemefula Ibeabuchi ("Ike"), who was arrested and incarcerated in Nevada on sexual assault charges (Doc. #9-2 at11). Defendant Dr. Nicholas Alozie ("Alozie"), a current professor in public policy at Arizona State University ("ASU"), and Plaintiff share a common involvement in the Association of Nigerian Ibos in Arizona

(ANIA). (Doc. #9-2 at 8.)

Plaintiff alleges that Sunday is not deceased, but rather being held in the custody of Alozie and an ASU Research Team. (Doc. #10 at 8.) Furthermore, she alleges that ASU has implanted chips in her brain, and introduced objects in her uterus for the purposes of embryonic research. (Compl. at 1.) While Plaintiff alleges that her relationship with Alozie included telephone conversations regarding these fears of conspiracy (Doc. #10 at 5), Alozie alleges that any contact with Plaintiff was limited to the scope of their affiliation with the ANIA. (Doc. #9-2 at 8.) Moreover, Plaintiff alleges that Ike is being wrongfully incarcerated as a part of ASU's research plan and conspiracy against Plaintiff. (Doc. #10 at 9.)

Plaintiff's allegations appear to form the basis for the claims of battery, false imprisonment and rape against Defendants Arizona State University, Michael Crow, and Dr. Nicholas Alozie (Collectively "State"). (Doc. #6; Doc. #1.) The State filed its motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. # 5.) The State argues that the Court does not have subject matter jurisdiction, because diversity of citizenship does not exist and because the Plaintiff does not allege any violation of the U.S. Constitution or any federal laws or treaties. (Doc. #7.)

**II. LEGAL STANDARD**

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and can thus only hear those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Court has diversity jurisdiction in cases involving claims greater than $75,000 and that are either between citizens of different states or citizens of a State and citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332(a)(1)-(2). To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United

States and (2) be domiciled in the state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

On a 12(b)(1) motion to dismiss, the party asserting diversity jurisdiction bears the burden of proof. *Id.*; *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Thus, if the plaintiff makes no allegations in the complaint respecting the citizenship of the defendant(s) or the dollar value of the amount in controversy, the district court cannot properly exercise diversity jurisdiction over the claim. *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990) (no diversity jurisdiction where plaintiff made no allegations respecting citizenship of defendant); *Citizen's Comm. to Save the Land Grant RRs v. Burlington N., Inc.*, 708 F.2d 1430, 1435 (9th Cir. 1983). While the party asserting diversity jurisdiction is merely required to allege (not to prove) diversity at the pleading stage, it is nonetheless required to affirmatively allege the citizenship of the relevant parties, and failure to do so can be fatal to an assertion of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that "failure to specify state citizenship was fatal to [an] assertion of diversity jurisdiction").

Subject matter jurisdiction can also be established if the case involves a federal question pursuant to 28 U.S.C. § 1331. Section 1331 grants subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* In order for a claim to arise "under the Constitution, laws, or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112 (1936).

To determine whether an action arises under federal law, a court applies the "'well-pleaded complaint rule.'" *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Unless it appears from the face of the complaint that the suit depends upon a question of federal law, the case cannot be heard in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (U.S. 1987) (noting that under the 'well-pleaded complaint rule,' federal jurisdiction "exists only when a federal question

is presented on the face of the plaintiff's properly pleaded complaint"); *Gully*, 299 U.S. at 112 (noting that "[t]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal").

In a Rule 12(b)(1) motion to dismiss, defendants may assert that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the defendants argue that the allegations in a plaintiff's complaint are insufficient on their face, then the existence of subject matter jurisdiction depends on the allegations in the plaintiff's complaint. *Id.* In such an instance, the plaintiff's allegations are assumed to be true and all reasonable inferences are drawn in her favor. *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000); FED. R. CIV. P. 12(b)(1). The court will construe the complaint liberally if it is drafted by a pro se plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

### III. DISCUSSION

Since Plaintiff is seeking to invoke the jurisdiction of federal courts, she bears the burden of proving that subject matter jurisdiction is proper under either 28 U.S.C. § 1332 or 28 U.S.C. § 1331. *Tosco*, 236 F.3d at 499; *Lew*, 797 F.2d at 749. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is established when the amount in controversy in a civil action exceeds $75,000, and the action is either between citizens of different states, or between a citizen of a State and a citizen or subject of a foreign state. 28 U.S.C. § 1332(a)(1)-(2). Here, Plaintiff has failed to allege the citizenship of any of the relevant parties. While Plaintiff alleges that she resides in Arizona (Answer at 2), the diversity jurisdiction statute speaks of citizenship, not residency, and therefore any facts alleging residency are insufficient to establish citizenship. *See Kanter v. Warner-Lambert*, 265 F.3d 853, 857-858 (9th Cir. 2001) (internal citations omitted).

Furthermore, to show state citizenship for diversity purposes a party must (1) be a citizen of the United States, and (2) be domiciled in the state. *Id.* at 857. Not only has

Plaintiff manifestly failed to allege her U.S. citizenship and state of domicile,[1] but the Defendants' Response to Plaintiff's Motion to Expedite indicates that it would be incorrect to presume so because of Plaintiff's alleged difficulties in obtaining citizenship. (Doc. #9-2 at 15.)

Applying these well settled diversity jurisdiction pleading requirements to the present case, Plaintiff's "failure to allege the state of citizenship . . . is fatal because" Plaintiff, as "the party asserting diversity jurisdiction[,] bears the burden of proof[.]" *Id.* at 857-58. Accordingly the court finds, as it must, that Plaintiff has not properly alleged the citizenship of any of the relevant parties as required to invoke diversity jurisdiction[2].

Absent diversity of citizenship, a federal court only has subject matter jurisdiction when the cause of action involves a federal question. *Williams*, 482 U.S. at 391. Liberally construing Plaintiff's complaint reveals that, at best, Plaintiff appears to make a claim of rape and implicitly make a claim of battery and false imprisonment. *See Wolfe*, 392 F.3d at 362. Because Defendants argue that Plaintiffs allegations are insufficient to invoke federal jurisdiction, the plaintiff's allegations are assumed to be true and all reasonable inferences are drawn in her favor. *White*, 227 F.3d at 1241. Accepting Plaintiff's allegations as true, the Court finds that they fail to assert any right or immunity arising under the Constitution, treaties or laws of the United States; these claims do not *per se* raise a federal question. Therefore, on the face of the Complaint, there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125,

---

[1] Plaintiff only alleges that she resides in Arizona, which is *per se* insufficient to establish Arizona as her state of domicile. A person's state of domicile is not necessarily equivalent to the state in which they reside, as a domicile is the state where a person permanently resides with the intention to remain or to return. *Warner-Lambert*, 265 F.3d at 857.

[2] Even if Plaintiff properly alleged her citizenship as the State of Arizona, unless there is complete diversity of citizenship, i.e. each of the Defendants are citizens of a state other than Arizona, there is still no diversity jurisdiction. *See Carden v. Arkoma Associates*, 494 U.S. 185, 187, (1990). Because the Defendants are all citizens of Arizona, diversity would not exist here if the Plaintiff were also a citizen of Arizona.

127-28 (1972).

**IV. CONCLUSION**

Plaintiff has not satisfied her burden of establishing diversity of citizenship and has failed to state a claim that raises a federal question. The Court therefore holds that it does not have proper subject matter jurisdiction over the case.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #5) is **GRANTED**.

DATED this 24th day of June, 2009.

_____
James A. Teilborg
United States District Judge